72.2400479

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEGNA SOTO, CASE NO.: 6:26-cv-00641-AGM-DCI

Plaintiff,

v.

EFE, INC. D/B/A
EVERGLADES EQUIPMENT GROUP,

Defendant.
_______________________________________/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**COMES NOW** Defendant, EFE, INC. D/B/A EVERGLADES EQUIPMENT GROUP (hereinafter, "EVERGLADES"), by and through undersigned counsel, hereby files its Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint.

1. While the defense recognizes that in general, leave to amend is freely given, in this instance, the defense believes in good faith that leave is not justified as Plaintiff engaged in what appears to be dilatory, undue delay, with failure to provide any justifying reason for the amendment, which will only unduly prejudice EVERGLADES.

2. Although Plaintiff's Motion tries to allege otherwise, the motivating factor behind Plaintiff's Motion for leave is the fact that EVERGLADES has a pending Motion to Dismiss before this Honorable Court, to which Plaintiff has never filed a response.

3. By way of background, Plaintiff filed her initial Complaint with the Court on or about 3/25/26.

4. Thereafter, Defendant advised Plaintiff that she sued the wrong entity. So, both parties agreed Plaintiff would amend her Complaint to reflect the proper defendant, which Plaintiff did on or about 5/5/26. Nothing other than the name of the Defendant was changed from the original Complaint to the Amended Complaint.

5. Per the Federal Rules of Civil Procedure, EVERGLADES had until 5/20/26 to file a responsive pleading to said Amended Complaint.

6. Within that timeframe, EVERGLADES identified many problems with Plaintiff's Amended Complaint—all which serve as subjects of Defendant's pending Motion to Dismiss, not the least of which were several failures to state causes of action.

7. As required by Local Rule 3.01(g), undersigned counsel both sent Defendant's proposed Motion to Dismiss and spoke with counsel for Plaintiff on 5/15/26 to discuss these issues before filing the Motion to Dismiss. During this call, Plaintiff's counsel advised that she did not agree with the arguments and did not wish to remedy/amend her Amended Complaint.

8. Therefore, EVERGLADES timely filed its Motion to Dismiss later that day with this Honorable Court. Per the Federal Rules of Civil Procedure, Plaintiff had twenty-one (21) days to file a response (if she so desired) to the Motion to Dismiss, which was due on or before 6/5/26.

9. Plaintiff did not file any response on or before that date. Pursuant to this Honorable Court's precedent, Defendant's Motion to Dismiss is deemed <u>unopposed</u>. <u>See</u> <u>Cosme v. Patina Orlando, LLC.</u>, U.S. Dist. LEXIS 127656, *5 (M.D. Fla. 2024). This Honorable Court can <u>grant</u> Defendant's Motion on this basis alone. <u>Id.</u>

10. It was not until 6/15/26—<u>ten (10) days after the expiration of the time to file a response</u>, that Plaintiff improperly filed her Second Amended Complaint without a motion and without conferral. Rather, Plaintiff simply filed the pleading out of the blue, without any justification or explanation for the delay. It was not until <u>after</u> this Honorable

Court struck the improperly filed Second Amended Complaint from the record that Plaintiff's counsel attempted to reach out to try and confer with the undersigned.

11. This seemingly was done because Plaintiff realized the time to respond to the pending Motion to Dismiss had expired and filing an amended Complaint would render Defendant's Motion moot and restart the time for motion/responses. See Jackson v. Norfolk S. Ry. Co., 2020 U.S. Dist. LEXIS (N.D. Ga. 2020)

12. Worse yet, the proposed Second Amended Complaint still suffers from the same deficiencies as outlined in Defendant's Motion to Dismiss, making her efforts here seem even more suspect.

13. Specifically, she still fails to allege her nationality (i.e., a member of a protected class); she still did not change or add any factual content to show that any of the treatment she complains about was directed at her, was related to her termination, and/or related to her in any way; she continues to only allege harsh treatment rather than discriminatory conduct; she did not change and continues to rely on her own personal beliefs, understanding and interpretation; and she continues to fail to allege anywhere that "but-for" her race, gender and/or national origin, she would not have suffered the alleged discrimination and/or adverse employment action.

14. Therefore, the requested amendments are not only untimely, they also do not fix the deficiencies identified in EVERGLADES' Motion Dismiss, such that they would still be properly dismissed or immediately subject to a summary judgment in favor of EVERGLADES. See Cosme, at *9-10. Therefore, Plaintiff's Motion should be denied with prejudice. See id. Further, if Plaintiff wanted to make these changes, the time to do it was when the attorneys conferred pursuant to Local Rule 3.01(g), before Defendant filed its Motion to Dismiss.

15. Plaintiff's undue delay and dilatory behavior here, regardless of the reason, amounts to a waste of judicial resources at best. Moreover, and more importantly, EVERGLADES would be unduly prejudiced by this untimely amendment, as not only did

they spend time, money and resources to prepare the pending Motion to Dismiss and would have to duplicate those efforts; more importantly, an amendment would render the current Motion to Dismiss moot. All of these efforts could have been avoided, but for Plaintiff's actions—all in an effort to improperly remedy her failure to timely respond to Defendant's Motion to Dismiss.

16. For all of the above reasons, EVERGLADES respectfully requests that this Honorable Court deny Plaintiff's Motion with prejudice.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Rule 15(a)(2) of the Federal Rules of Civil Procedure affords this Honorable Court discretion to grant or deny an amendment to a pleading. Although leave is generally freely given, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the Defendant, and futility of the argument." Jackson v. Northfork S. Rv. Co., U.S. Dist. LEXIS 28685, *4 (N.D. Ga., 2020).

In the instant case as indicated herein, Plaintiff's undue delay and dilatory behavior should not be rewarded by granting leave, which would only result in undue prejudice to Defendant EVERGLADES. Plaintiff's Motion fails to provide any explanation or justification for her undue delay in waiting ten (10) days after the expiration of the time to respond to Defendant's Motion to Dismiss to improperly attempt to file her Motion, without agreement from the defense or leave granted by this Court. Plaintiff appears to be attempting a remedy for her failure to timely respond to Defendant's Motion to Dismiss by the filing of this untimely Motion for Leave, which would then render the Motion to Dismiss moot. As this is extremely prejudicial to EVERGLADES, it is appropriate for this Court to deny Plaintiff's Motion. Jackson v. Norfolk S. Ry. Co., 2020 U.S. Dist. LEXIS *4-7 (N.D. Ga. 2020) (where the court denied plaintiff's motion for leave to amend, as plaintiff failed to timely respond to defendant's motion to dismiss and failed to file her

motion until after the time to respond expired without justification or explanation for the delay, holding, "...plaintiff could not use an amended pleading as a vehicle to moot defendant's motion to dismiss without explanation or justification.")

Because Plaintiff failed to file a response to Defendant EVERGLADES' Motion to Dismiss at all (much less timely file a Motion for Leave as her response), Defendant's Motion to Dismiss is deemed unopposed according to this Court's precedent, and this Court can grant dismissal on this basis alone. Cosme, at *5 (holding defendant's motion to dismiss was deemed unopposed where plaintiff failed to respond and this Court could grant defendant's Motion on this basis alone).

Moreover, the changes Plaintiff seeks in her proposed Second Amended Complaint are futile because they do very little to cure any of the deficiencies in her Amended Complaint. The procedural facts of the Cosme v. Patina Orlando, LLC., 2024 U.S. Dist. LEXIS 127656 (M.D. Fla. 2024) case are analogous to the instant case. In Cosme, the defendant filed a motion to dismiss plaintiffs' second amended complaint. Just as in the instant case, the Cosme plaintiffs failed to timely respond to defendant's motion. Instead, just like the instant Plaintiff, the Cosme plaintiffs sought untimely leave to amend. In addressing the motion for leave, this Court determined that the claims of plaintiffs' proposed second amended complaint still failed because their 42 U.S.C. §1981 claim still did not allege "but-for" race, they would not have suffered the loss of a protected right; and they still failed to allege they were members of a protected class such that their race and national origin claims still failed. Cosme at *6-9. This Court denied plaintiffs' motion for leave, holding plaintiffs' proposed third amended complaint was futile because it did not cure the deficiencies of the (prior) second amended compliant, such that it would still have been properly dismissed or immediately subject to summary judgment for the defendant. Id. at *9-11.

Here, just as in Cosme, Plaintiff's proposed Second Amended Complaint fails to cure the deficiencies of her Amended Complaint (summarized in paragraph 13 above, some

of which are exactly the same as in Cosme). Pursuant to this Court's ruling in Cosme, Plaintiff's Motion for Leave should be denied, with prejudice, as Plaintiff's proposed Second Amended Complaint is futile and would still be properly dismissed or immediately subject to a summary judgment in favor of EVERGLADES.

For the reasons addressed herein, Defendant EVERGLADES respectfully requests that this Honorable deny Plaintiff's Motion for Leave to File a Second Amended Complaint with prejudice; deem EVERGLADES' Motion to Dismiss unopposed and grant it; and any other relief this Honorable Court deems just and proper.

**Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unpresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court via the CM/ECF system to: J.P. Numa, Esq., of

The Leach Firm, P.A. at jpnuma@theleachfirm.com and ahall@theleachfirm.com on June 25, 2026.

CAMERON, HODGES, COLEMAN,
LaPOINTE & WRIGHT, P.A.

*/s/ Douglas J. LaPointe*
DOUGLAS J. LaPOINTE, ESQ.
Florida Bar No.: 991333
TIFFANY M. CHILL, ESQ.
Florida Bar No.: 0223920
7680 Universal Boulevard, Suite 440
Orlando, Florida 32819
(407) 841-5030 ca
(407) 841-1727 facsimile
serviceDJL@cameronhodges.com
Attorneys for Defendant