**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LEGNA SOTO,**

**Plaintiff,**

**vs.** **CASE NO.: 6:26-CV-00641**

**EFE, INC. D/B/A EVERGLADES EQUIPMENT GROUP,**

**Defendant.**
**______________________________/**

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff LEGNA SOTO (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant EFE, INC. D/B/A EVERGLADES EQUIPMENT GROUP (hereinafter "EVERGLADES" or "Defendant"), and in support of states as follows:

## INTRODUCTION

This is an action for damages and all available relief based on discrimination on the basis of race, national origin, and gender, as well as retaliation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from

discrimination based on race, national origin, and gender, as well as retaliation, and to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## JURISDICTION AND VENUE

1. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

2. This Court has supplemental jurisdiction over Plaintiff's state law claims.

3. This Court has jurisdiction over Plaintiffs' claims because at all times material to this Complaint, Plaintiff worked for Defendant in its Orlando office located in Orange County, Florida.

4. The illegal conduct occurred within the judicial district in and for this District.

5. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), on February 4, 2025.

6. On December 29, 2025, the EEOC issued its right-to-sue letter.

7. Therefore, this Complaint is filed within 90 days of Plaintiff receiving her right-to-sue letter.

## PARTIES

8. Plaintiff is an adult who resides in Kissimmee, Osceola County, Florida.

9. At all times material hereto, Plaintiff worked for Defendant in Orlando, Orange County, Florida.

10. Defendant is and was, at all relevant times, a foreign limited liability company, operating in Orange County, Florida and is within the jurisdiction of this Court and this District.

11. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## STATUTORY PREREQUISITES

12. Plaintiff is a member of a class of individuals protected by Title VII, 42 U.S.C 1981 and the FCRA because, at all times material to the allegations herein, Plaintiff was treated unfavorably because of her race, national origin and gender.

13. Plaintiff was qualified for her position as Service and Parts Writer for the Defendant.

14. The Defendant meets the statutory criteria for coverage as an

"employer" under Title VII, 42 U.S.C 1981 and the FCRA.

15. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, 42 U.S.C 1981 and the FCRA.

16. On or around February 4, 2025, Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations.

17. On December 29, 2025, the EEOC issued its right-to-sue letter.

18. Therefore, this Complaint is filed within 90 days of receiving her right-to-sue letter.

19. Accordingly, Plaintiff has exhausted and satisfied all administrative requirements set forth by Title VII, 42 U.S.C 1981 and the FCRA.

## STATEMENT OF FACTS

20. Plaintiff, a Hispanic woman, began her employment with Defendant on or about June 10, 2024, as a Parts Service Writer for Everglades.

21. Plaintiff's primary duties included coordinating transportation and delivery for aggregate soil, initiating repair orders, entering and ordering parts on work orders, and reviewing work orders for accuracy.

22. During her employment, Plaintiff did not have any performance or disciplinary issues.

23. Plaintiff was the only Hispanic woman on her team.

24. Plaintiff's supervisor was Charles Russell, a white male.

25. Shortly after Plaintiff began her employment, she observed that Russell treated her differently than the other non-Hispanic and male employees. .

26. When Plaintiff asked Russell questions related to her job duties, Russell would tell Plaintiff to "figure it out," while responding to questions from others.

27. Further, Russell made several comments that Plaintiff believed demonstrated that Russell had a bias against Hispanics.

28. As an example of this bias was when, Russell criticized a white employee, Landis Surber, for marrying a Hispanic woman.

29. Indeed, Russell's sole critique centered around the fact that Mr. Surber's wife was Hispanic and not white.

30. Additionally, Russell often discussed his warped fantasies of engaging in various sex acts with Hispanic women.

31. I understood that Russell's fetish with having sex with Hispanic women was based on the negative stereotype of the portrayal of Hispanic women as lascivious by nature as opposed to white women who were portrayed as models of self-respect, self-control, and modesty.

32. Russell also had outward signs of his bigotry towards Hispanics

as he was unashamed about his tattoo of "SS lightning bolts" on his left forearm.

33. Of course, it is well known that the "SS lightning bolts" are a common white supremacist/neo-Nazi symbol.

34. Russell also had a "white supremacist worldwide" tattoo on his right forearm.

35. These symbols are associated with hostility toward non-white individuals and women.

36. Nonetheless, Russell's outward expression along with his racist language and tone, left no doubt to Plaintiff that Russell treated her different from white males, because she is a Hispanic female.

37. Not only did Russell refuse to answer Plaintiff's questions related to her job duties, but he also refused to provide Plaintiff with needed assistance do her job.

38. After tolerating Russell's discriminatory behavior for a time, Plaintiff made the decision to complain to Mike Dacato, Russell's supervisor, that she was being discriminated against by Russell because she is a Hispanic woman.

39. After Russell learned that Plaintiff complained about his conduct, Defendant terminated Plaintiff's employment on July 10, 2024.

40. There is no question that Plaintiff was terminated because she is

a Hispanic female and because she complained that she was being discriminated against because she is a Hispanic female.

**COUNT I**
**RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

41. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1-19, 20 and 22-40 above.

42. Defendant unlawfully discriminated against Plaintiff based on her race.

43. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

44. Specifically, Plaintiff, a Hispanic woman, was subjected to derogatory treatment, hostile conduct, and unequal working conditions by her supervisor, Russell.

45. Indeed, Russell, Plaintiff's supervisor, was an admitted white supremacist who had racist tattoos on his body, discriminated against Plaintiff because she was Hispanic.

46. Russell's racist conduct included yelling at Plaintiff, refusing to assist her with job-related questions, and treating her less favorably than similarly-situated non-Hispanic employees.

47. Plaintiff was qualified for her position and had no performance or disciplinary issues.

48. Despite this, Plaintiff was terminated shortly after complaining about the discriminatory treatment.

49. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

50. The above discrimination was done by Defendant with reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT II
## RACE RETALIATION IN VIOLATION OF TITLE VII

51. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1-19, 20, 22-24 and 38-40 above.

52. Plaintiff engaged in protected activity by complaining about race discrimination.

53. Defendant retaliated against Plaintiff because of her protected activity.

54. Plaintiff suffered adverse employment action, including termination.

55. Defendant knew of Plaintiff's protected activity.

56. There is a causal connection between Plaintiff's protected activity and the adverse action.

57. Defendant's retaliatory conduct was done with reckless disregard for Plaintiff's rights under federal law.

58. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues

to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

61. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1-15 and 19-40, above as if fully set forth herein and further states:

62. Plaintiff is a Hispanic individual and therefore a member of the protected class and/or is non-white as set forth in and pursuant to 42 U.S.C. §1981.

63. At all times material, Plaintiff was an employee of the Defendant.

64. At all times material, Defendant through its agents, representatives and employees, who were acting in the course and scope of their employment, was/is an employer within the meaning of Section 1981.

65. Defendant deprived Plaintiff of her civil rights under 42 U.S.C. § 1981 by discriminating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of her employment by discriminating against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

66. Defendant has never on any other occasions acted in such a manner with white former or current employees who have entered into such or similar employment related contract(s), agreements or relationships with the Defendant.

67. Pursuant to 42 U.S.C. §1981(a), "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

68. Pursuant to 42 U.S.C. §1981 (b), "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

69. Based on the foregoing allegations as set forth in paragraphs 1-33 the Defendant violated Plaintiff's civil rights under 42 U.S.C. §1981 by discriminating against Plaintiff in the making and enforcement of her employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between Plaintiff and the Defendant.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT IV**
**RETALIATION IN VIOLATION OF 42 U.S.C. §1981**

70. Plaintiff re-alleges and adopts the allegations of paragraphs 1-15, 19-24 and 38-40, above as if fully set forth herein and further states:

71. Plaintiff is a Hispanic individual and therefore a member of a protected class as set forth in and pursuant to 42 U.S.C. § 1981.

72. At all times materially relevant, Plaintiff was an employee of the Defendant.

73. At all times materially relevant, Defendant, through their agents, representatives, and employees who were acting in the course and scope of their employment, were employers within the meaning of Section 1981.

74. Defendant deprived Plaintiff of her civil rights under 42 U.S.C. § 1981 by discriminating and retaliating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of her employment by discriminating and retaliating against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

75. Defendant has never on any other occasions acted in such a manner with white former or current employees who have entered into such or

similar employment related contract(s), agreements or relationships with the Defendant.

76. To this end, Plaintiff engaged in protected activity by complaining of disparate treatment.

77. Plaintiff suffered an adverse action.

78. Pursuant to 42 U.S.C. §1981(a), "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

79. Pursuant to 42 U.S.C. §1981 (b), "[f]or purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

Defendant violated Plaintiff's civil rights under 42 U.S.C. §1981 by discriminating and retaliating against Plaintiff in the making and enforcement of her employment contract and employment relationship, including the performance and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between Plaintiff and Defendant.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper

## COUNT V
## RACE DISCRIMINATION IN VIOLATION OF FCRA

80. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1-19, 20 and 22-40 above.

81. Plaintiff engaged in protected activity by complaining about race discrimination.

82. Defendant retaliated against Plaintiff because of her protected activity.

83. Plaintiff suffered adverse employment action, including termination.

84. Defendant knew of Plaintiff's protected activity.

85. There is a causal connection between Plaintiff's protected activity and the adverse action.

86. Defendant acted with reckless disregard for Plaintiff's rights under federal law.

87. As a direct and proximate result, Plaintiff suffered damages.

88. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 42 above.

89. Plaintiff brings this cause of action pursuant to Section 760.07, Florida Statutes.

90. Defendant unlawfully discriminated against Plaintiff based on her race.

91. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

92. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

93. At all material times, Plaintiff was qualified to perform the duties of her position.

94. Plaintiff was treated less favorably than similarly-situated employees outside of her protected class.

95. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under state law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT VI**
**RACE RETALIATION IN VIOLATION OF FCRA**

96. Plaintiff reincorporates and adopts allegations contained in paragraphs 1-19, 20, 22-24 and 38-40 above.

97. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

98. At all material times, Plaintiff was qualified to perform her job duties.

99. Defendants retaliated against Plaintiff because of her complaints about race and gender discrimination.

100. Plaintiff engaged in a protected activity by making numerous verbal and written complaints to Defendants regarding race discrimination.

101. Defendants engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

102. The above retaliation was done by Defendants with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and

equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper

## COUNT VII
## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

103. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1-19, 20 and 22-40 above.

104. Plaintiff brings this cause of action pursuant to Section 760.07, Florida Statutes.

105. Defendant unlawfully discriminated against Plaintiff based on her national origin.

106. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

107. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

108. At all material times, Plaintiff was qualified to perform the duties of her position.

109. Plaintiff was treated less favorably than similarly-situated employees outside of her protected class.

110. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under state law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT VIII**
**NATIONAL ORIGIN RETALIATION IN VIOLATION OF TITLE VII**

111. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1-19, 20, 22-24 and 38-40 above.

112. Defendant retaliated against Plaintiff because of her complaints regarding national origin discrimination.

113. Plaintiff engaged in protected activity by opposing unlawful employment practices.

114. Plaintiff suffered adverse action, including termination.

115. Defendant knew of Plaintiff's protected activity.

116. There is a causal connection between Plaintiff's protected activity and adverse action.

117. Defendant acted with reckless disregard for Plaintiff's federal rights.

118. Plaintiff suffered damages including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT IX**
**NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF FCRA**

119. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1-19, 20 and 22-40 above.

120. Defendant unlawfully discriminated against Plaintiff based on her national origin.

121. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

122. Plaintiff, a Hispanic woman, was subjected to discriminatory comments and treatment specifically targeting Hispanic individuals.

123. Russell made statements sexualizing Hispanic women and expressed derogatory views toward Hispanic individuals, including criticizing another employee for marrying a Hispanic woman.

124. Russell's conduct created a hostile work environment based on Plaintiff's national origin.

125. Plaintiff was treated less favorably than similarly-situated employees outside of her protected class.

126. Plaintiff was qualified for her position and performed her job duties without issue.

127. Despite this, Plaintiff was terminated after complaining about the discriminatory treatment.

128. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

129. The above discrimination was done by Defendant with reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT X**
**NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF FCRA**

130. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1-19, 20, 22-24 and 38-40 above.

131. Plaintiff brings this cause of action pursuant to Section 760.10(7), Florida Statutes.

132. Defendant retaliated against Plaintiff for opposing national origin discrimination.

133. Plaintiff engaged in protected activity.

134. Plaintiff suffered adverse employment action.

135. Defendant knew of Plaintiff's protected activity.

136. The adverse action was causally related to Plaintiff's protected activity.

137. Defendant acted with reckless disregard of Plaintiff's rights.

138. Plaintiff suffered damages including loss of income and emotional distress.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and

equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT XI
## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

139. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1-19, 20, 22-26, 30-31 and 36-40, above.

140. Defendant unlawfully discriminated against Plaintiff based on her gender.

141. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

142. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

143. At all material times, Plaintiff was qualified to perform the duties

of her position.

144. Plaintiff was treated less favorably than similarly-situated employees outside of her protected class.

145. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

## COUNT XII
## GENDER RETALIATION IN VIOLATION OF TITLE VII

146. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1-19, 20, 22-24 and 38-40 above.

147. Defendant retaliated against Plaintiff because of her complaints of gender discrimination.

148. Plaintiff engaged in protected activity.

149. Plaintiff suffered adverse employment action.

150. Defendant knew of Plaintiff's protected activity.

151. A causal connection exists between the protected activity and adverse action.

152. Defendant acted with reckless disregard for Plaintiff's rights.

153. Plaintiff suffered damages including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT XIII
## GENDER RETALIATION IN VIOLATION OF FCRA

154. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1-19, 20, 22-24 and 38-40 above.

155. Plaintiff brings this cause of action pursuant to Section 760.10(7), Florida Statutes.

156. Defendant retaliated against Plaintiff because of her complaints of gender discrimination.

157. Plaintiff engaged in protected activity.

158. Plaintiff suffered adverse employment action.

159. Defendant knew of Plaintiff's protected activity.

160. The adverse action was causally related to Plaintiff's protected activity.

161. Defendant acted with reckless disregard for Plaintiff's rights.

162. Plaintiff suffered damages including loss of employment, wages, and emotional distress.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT XIV**
**GENDER DISCRIMINATION IN VIOLATION OF FCRA**

163. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1-19, 20, 22-26, 30-31 and 36-40 above.

164. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

165. Defendant discriminated against Plaintiff based on her gender.

166. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

167. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

168. At all material times, Plaintiff was qualified to perform her job duties.

169. Defendant discriminated against Plaintiff because of her race.

170. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

171. The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated: August 14, 2026.

Respectfully submitted,

***s/ J.P. Numa***
J.P. Numa, Esquire - LEAD COUNSEL
FBN: 1015371
Email: jpnuma@theleachfirm.com

Anthony Hall, Esquire
FBN: 0040924
Email: ahall@theleachfirm.com

THE LEACH FIRM, P.A.
1560 N. Orange Ave.
Winter Park, FL, 32789

Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff