72.2400479

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEGNA SOTO, CASE NO.: 6:26-cv-00641-AGM-DCI

Plaintiff,

v.

EFE, INC. D/B/A
EVERGLADES EQUIPMENT GROUP,

Defendant.
_____________________________________/

**MOTION TO DISMISS AND/OR MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT and INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendant, EFE, INC. D/B/A EVERGLADES EQUIPMENT GROUP (hereinafter "EVERGLADES"), by and through undersigned counsel, and pursuant to Rules 8(a)(2), 12(b)(6) and 12(f) of the Florida Rules of Civil Procedure, hereby files its Motion to Dismiss and/or, Motion to Strike Plaintiff's Second Amended Complaint and in support thereof states as follows:

1. Plaintiff has now had three bites at the apple to correct the deficiencies in her Complaint. Despite this opportunity, her Second Amended Complaint still by and large contains the same deficiencies that were the subject of Defendant's prior Motion to Dismiss. As such, Defendant has no other choice but to file another Motion to Dismiss on substantially the same merits as there was virtually no change in this now third attempt by

Plaintiff.

2. The Counts remain the same: Count I – Race Discrimination in Violation of Title VII; Count II – Race Retaliation in Violation of Title VII; Count III – Discrimination in Violation of 42 U.S.C. §1981; Count IV – Retaliation in Violation of 42 U.S.C. §1981; Count V – Race Discrimination in Violation of the Florida Civil Rights Act (hereinafter "FCRA"); Count VI – Race Retaliation in Violation of FCRA; Count VII – National Origin Discrimination in Violation of Title VII; Count VIII – National Origin Retaliation in Violation of Title VII; Count IX – National Origin Discrimination in Violation of FCRA; Count X – National Origin Discrimination in Violation of FCRA[1]; Count XI – Gender Discrimination in Violation of Title VII; Count XII – Gender Retaliation in Violation of Title VII; Count XIII – Gender Retaliation in Violation of FCRA; and Count XIV – Gender Discrimination in Violation of FCRA.

3. All Counts pertaining to discrimination, specifically Counts I, III, V, VII, IX, XI, and XIV, should be dismissed, because they continue to fail to state a plausible claim for discrimination. Specifically, Plaintiff still fails to allege facts to support any alleged discrimination made or taken against **her** and/or relating to **her** termination.

4. The allegations that Plaintiff uses to try to support these theories are exactly the same as in her prior Amended Complaint to wit: that her supervisor, Charles Russell, allegedly made several comments that Plaintiff "believed demonstrated that he had a bias against Hispanics" (See Plaintiff's Second Amended Complaint, ¶27); that Russell

supposedly criticized another employee for "marrying a Hispanic woman" (See id., ¶28); that Russell supposedly discussed "engaging in various sex acts with Hispanic women" (See id., ¶30); that Plaintiff "understood that him having sex with Hispanic women was based on the stereotype of the portrayal of Hispanic women as lascivious by nature as opposed to white women who are portrayed as models of self-respect, self-control and modesty" (See id., ¶31); and that Russell allegedly had tattoos that she believed were "white supremacist/neo-Nazi symbols." (See id., ¶¶32-35).

5. Once again, none of these generalized allegations contain any factual content regarding EVERGLADES' treatment directed at Plaintiff, and none relate to her termination or, for that matter, to her at all. Therefore, Plaintiff fails to state any cause of action for discrimination here. See Addison v. Ingles Mkts, Inc. 515 Fed. Appx. 840, 843 (11th Cir. 2013); also Tubito v. Pelican Yacht Club, Inc., 2025 U.S. Dist. LEXIS 13880, *7 (U.S. S.D. Fla. 2025). Plaintiff's own personal beliefs and understandings are mere speculation and do not amount to facts that support a claim for discrimination. See Ogato v. DeKalb Cnty. Water Shed, 2024 U.S. Dist. LEXIS 2018377, *9-10 (U.S. Dist. N.D. Ga. 2024).

6. Secondly, while Plaintiff uses conclusory legal jargon by stating he "treated her differently than non-Hispanic male employees.." (Plaintiff's Second A. Complaint, ¶25), she still offers no factual support for this personal conclusion. Rather, her "supporting" allegations are that Charles Russell allegedly told her to "figure it out" (See id., ¶26); that he allegedly "refused to answer her questions related to her job duties;" and allegedly "refused

1 Plaintiff improperly labeled this Count as discrimination, but the allegations reflect a claim for retaliation.

to provide her with needed assistance to do her job." (See id., ¶37). Though these allegations may arguably be mean, or harsh, they do not establish a claim for discrimination under Title VII, the FCRA or 42 U.S.C. §1981 (which mirrors Title VII) as mere "harsh treatment" is not actionable. See Ogato v. DeKalb Cnty. Water Shed, 2024 U.S. Dist. LEXIS 2018377, *9-10 (U.S. Dist. N.D. Ga. 2024).

7. While the Court may consider generalized allegations, it must do so in conjunction with the totality of her pleadings. See, Younge v. Fulton Judicial Circuit Dist. Attorney's Office, 2021 U.S. Dist. LEXIS 208607 (U.S. N.D. Ga. 2021). "Comments that are isolated and unrelated to Plaintiff or her termination without more are insufficient to contribute to a circumstantial showing of discriminatory intent." Rojas v. Florida, 285 F.3d 1339, 1342-1343 (11th Cir. 2002). Plaintiff's Second Amended Complaint continues to ask of any factual allegations of discrimination (circumstantial or otherwise) directed at her or her termination. Once again, her allegations appear to be complaints of a personality conflict with Russell, disagreement with his management style and isolated comments that do not pertain to her or her termination. As such, Plaintiff still fails to allege a cause of action of discrimination even with this consideration.

8. As to her Counts for retaliation, Plaintiff must allege that she engaged in a statutorily protected activity. Although Plaintiff uses conclusory buzzwords like "discrimination" in paragraph 38, none of the particulars she complains of were actually discriminatory, and/or directed at her, but rather, about unfair or harsh treatment. See Ogato v. DeKalb Cnty. Water Shed, 2024 U.S. Dist. LEXIS 2018377, *9-10 (U.S. Dist. N.D. Ga.

2024). As she once again fails to and cannot allege she engaged in any protected activity, all of Plaintiff's Counts for Retaliation, Counts II, IV, VI, VIII, X (improperly titled discrimination), XII, and XIII, should also be dismissed for failing to state a cause of action.

9. In addition to all of the reasons stated herein, Counts VII, VIII, IX and X should all also be dismissed because Plaintiff still fails to identify her national origin anywhere in her now third Complaint. She only alleges her race-Hispanic. As such, she once again fails to show she was a member of a protected class, which is a required element under these theories. Therefore, she fails to state a claim upon which relief can be granted for any these Counts.

10. Further, Counts II, III, IV, VI, VIII, X (improperly titled discrimination), XII, and XIII should also be dismissed as Plaintiff still failed to allege anywhere in her Second Amended Complaint that "but-for" her race, gender, and/or national origin, she would not have suffered the alleged discrimination and/or adverse employment action. This is a required standard for retaliation claims under Title VII, the FCRA, and 42 U.S.C. §1981. See Univ. of Texas Southwestern Medical Center v. Nassar, 570 U.S. 338 (2013); see also Comcast Corp. v. Nat'l Ass'n of African American Owned Media, 140 S. Ct. 1009 (2020); also Miller v. Alli, 2023 U.S. App. LEXIS 30547, *6-7 (11th Cir. 2023).

11. EVERGLADES also moves to strike all allegations contained in Plaintiff's Second Amended Complaint relating to Charles Russell's alleged tattoos. Namely, ¶¶32-35 and any and all references contained thereafter and throughout the Second Amended Complaint. None of his tattoos pertain to Plaintiff in any way. Further, these allegations go

to Plaintiff's own personal beliefs and interpretations of them, which is insufficient to allege discrimination and/or retaliation claims. See Addison v. Ingles Mkts. Inc. 515 Fed. Appx. 840, 843 (11th Cir. 2013); also Tubito v. Pelican Yacht Club, Inc., 2025 U.S. Dist. LEXIS 13880, *7 (U.S. S.D. Fla. 2025); Ogato v. DeKalb Cnty. Water Shed, 2024 U.S. Dist. LEXIS 2018377, *9-10 (U.S. Dist. N.D. Ga. 2024). The irrelevant non-factual allegations are inflammatory, scandalous and serve no purpose other than to improperly bolster Plaintiff's claims and prejudice EVERGLADES in violation of Rule 12(f).

12. Lastly, ¶¶81-87 should also be stricken because they do not support a claim for discrimination, the Count under which they are alleged. Paragraph 169 should be stricken because it references "race" and Count XIV refers to an alleged gender discrimination claim. In addition to the reasons set forth in paragraph 9 of this Motion to Dismiss, ¶124 of Plaintiff's Second Amended Complaint should also be stricken because she once again uses a legal conclusion of "hostile work environment," but nowhere does she allege any facts that are "severe or pervasive," a required element to establish and prove a prima facie case of hostile work environment.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS and/or MOTION TO STRIKE**

**A. Plaintiff's Second Amended Complaint Should Be Dismissed As It Continues To Fail To State A Claim Upon Which Relief Could Be Granted For Discrimination and Retaliation.**

As indicated in EVERGLADES' Motion herein, none of the allegations set forth in Plaintiff's now third Complaint relates to any discrimination pertaining to Plaintiff or her

termination in any way. Plaintiff's allegations that Russell allegedly criticized another employee for marrying a Hispanic woman, or that he made comments about engaging in various sex acts with Hispanic women, etc., are very similar to the allegations that the plaintiff in Tubito v. Pelican Yacht Club, Inc., 2025 U.S. Dist. LEXIS 13880 (U.S. S.D. Fla. 2025) made.

In Tubito, the plaintiff alleged that the defendant supposedly discriminated against her by "making disparaging comments about her sexual orientation." However, just like Plaintiff in the instant case, the Tubito plaintiff's allegations showed behavior directed at other employees. Namely, the Tubito plaintiff alleged that her boss "made homophobic comments at work," "had a history of discriminating against LGBTQ employees," "called a gay employee 'Richard Simmons'," and claimed that "another lesbian employee's wife used to be a man." In reviewing whether these allegations were sufficient to state a cause of action for discrimination, the Court determined that the plaintiff's allegations directed at other employees were "too general to suggest intentional discrimination against plaintiff", and that the allegations "did not provide factual content regarding defendant's treatment directed at plaintiff." (Emphasis added). The Court held that without more, plaintiff's Complaint was insufficient to state a plausible claim for discrimination. Tubito, 25 U.S. Dist. LEXIS 13880 at *7.

The facts here are analogous and substantially similar to those in Tubito. As Plaintiff's allegations are also general and directed at other employees and not Plaintiff, Plaintiff's Complaint fails to state a plausible claim for discrimination under any of her

theories and this Honorable Court should dismiss Counts I, III, V, VII, IX and XIV (i.e., all counts of discrimination) pursuant to the holding in Tubito.

Additionally, allegations contained in paragraphs 26 and 37 of Plaintiff's Second Amended Complaint do not describe any discrimination. Rather, they allege her dissatisfaction with the way Russell allegedly treated her; in other words, unfair or harsh treatment. These allegations are also insufficient to state a claim for discrimination. See Ogato v. Dekalb Cnty. Water Shed, (24 U.S. Dist. N.D. Ga. 2024) (where the Court cited the Eleventh Circuit in holding that, "Title VII addresses discrimination and does not shield against harsh treatment in the workplace;" "unfair treatment absent discrimination based on race, sex or national origin is not an unlawful employment practice under Title VII;" and "conclusory allegations that defendant discriminated against him were insufficient…to establish a plausible claim of discrimination and dismissal was appropriate.")

The Eleventh Circuit has also held that general comments made in the workplace and comments made about other people that do not relate to the plaintiff and/or the context of plaintiff's termination do not establish discrimination. Addison v. Ingels Mkts., Inc., 515 Fed. Appx. 840, 842 (11th Cir. 2013) (where the Eleventh Circuit held, "while the manager's comments may have reflected racial bias generally, they were not directly related to plaintiff, her termination or the termination of any employee, therefore the comments did not suffice to establish that racial animus was more likely the motivating factor of plaintiff's termination than her violation of the defendant's policies.") Moreover, Plaintiff's personal beliefs or understandings are insufficient to allege a cause of action for discrimination. See Ogato v.

Dekalb Cnty. Water Shed, 2024 U.S. Dist. LEXIS 218377 at *8 (where the Court held, the plaintiff's allegations of his own personal beliefs and speculation were not factual allegations and insufficient to allege termination based on discrimination.). Consequently, Plaintiff's allegations that it was her "belief" and/or "understanding" as she continues to allege in what now amounts to her third Complaint, still fail to establish claims for discrimination.

Pursuant to the holdings in Tubito, Ogato, and Addison and Rule 12(b)(6), all of Plaintiff's Counts relating to discrimination—Counts I, III, V, VII, IX and XIV should be dismissed for failure to state claims upon which relief can be granted.

Similarly, all of the Counts in Plaintiff's Second Amended Complaint alleging retaliation (Counts II, IV, VI, VIII, X (improperly titled discrimination), XII and XIII) should be dismissed for failure to state a cause of action as well. In order to state a claim for retaliation under any of the theories that Plaintiff alleges, she must allege and prove that 1) she engaged in a protected activity; 2) that she suffered an adverse employment action; and 3) that there is a causal connection between the two. Ogato v. DeKalb Cnty, 2024 U.S. Dist. LEXIS 218377, *10 (U.S. Dist. N.D. Ga. 2024).

Here, Plaintiff cannot satisfy the first element of the retaliation claims under any of her theories, as she did not and cannot allege that she engaged in a protected activity. Her Second Amended Complaint fails to allege that she suffered any discrimination or that any of the alleged discrimination was directed at her or related to her or her termination in any way. Addison, 515 Fed. Appx. at 843; also, Tubito, 2025 U.S. Dist. LEXIS at *7. The Plaintiff's own Complaint shows that she did not suffer any discrimination as can be seen in paragraph

39 of her Complaint. While she uses the "buzzword" discrimination in ¶37, it is merely a legal conclusion that is insufficient to state a claim because Plaintiff still fails to allege any actionable discrimination or any discrimination directed at her. As such, Plaintiff did not and cannot for now the third time allege any facts that show she engaged in a statutorily protected activity, as she did not complain that "but-for" her race, gender and/or national origin, EVERGLADES retaliated against her for making such a complaint. Ogato, 2024 U.S. Dist. LEXIS at *11. Rather, Plaintiff continues to show she is complaining about essentially unfair treatment. "Unfair treatment, absent discrimination based on race, sex or national origin is not an unlawful employment practice under Title VII [or FCRA or 42 U.S.C. §1981 which mirror Title VII]." Ogato, 2024 U.S. Dist. LEXIS at *11 (citing the 11th Cir.).

Consequently, and pursuant to these holdings and Rule 12(b)(6), all of Plaintiff's Counts for Retaliation—Counts II, IV, VI, VIII, X (improperly titled discrimination), XII and XIII should be dismissed for failure to state a cause of action upon which relief can be granted.

**B. It Is Appropriate For This Honorable Court To Strike The Requested Portions Of Plaintiff's Second Amended Complaint Pursuant To Rule 12(f).**

In addition to and in the alternative to dismissal, EVERGLADES argues that under Rule 12(f) "...the Court may strike from a pleading...any immaterial, impertinent, or scandalous matter." Such a motion to strike is "...intended to clean up the pleadings, removing irrelevant or confusing allegations. Wesolek, 2020 U.S. Dist. LEXIS 240120, *18-

20 (U.S. N.D. Fla. 2020); also, Landivarv Celebrity Cruises, Inc., 2021 U.S. Dist. LEXIS 129754, *9 (U.S. S.D. Fla. 2021); Fed. R. Civ. P. 12(f) (Emphasis Added).

In the instant Second Amended Complaint, paragraphs 32-35 (in addition to or as an alternative to this Motion to Dismiss) which all relate to tattoos of Charles Russell, should be stricken as they are all still based on Plaintiff's own personal beliefs, and are in no way directed to Plaintiff and/or her termination. As these allegations continue to center around Plaintiff's own personal beliefs and interpretations of them, they are insufficient to allege discrimination and/or retaliation claims. See Addison v. Ingles Mkts, Inc. 515 Fed. Appx. 840, 843 (11th Cir. 2013); also Tubito v. Pelican Yacht Club, Inc., 2025 U.S. Dist. LEXIS 13880, *7 (U.S. S.D. Fla. 2025); Ogato v. DeKalb Cnty. Water Shed, 2024 U.S. Dist. LEXIS 2018377, *9-10 (U.S. Dist. N.D. Ga. 2024). These allegations are brought for no other reason than to highly prejudice EVERGLADES and to unjustly bolster Plaintiff's allegations. They fall squarely into the scope of Rule 12(f) as they are scandalous, immaterial, impertinent and inflammatory and were brought to prejudice this Defendant to a jury.

Paragraphs 81-87 should also be stricken pursuant to 12(f) because they do not pertain to a discrimination claim, which is the Count they were brought under. Paragraph 169 should be stricken, as it references "race" under a Count directed at gender discrimination, so it is immaterial and impertinent. See Fed. R. Civ. P. 12(f). Lastly, ¶124 which contains the legal conclusion of "hostile work environment" should be stricken as well. Nowhere does Plaintiff allege any facts that are "severe and pervasive" support and/or establish a prima

facie case of hostile work environment claim such that this allegation is scandalous, immaterial, impertinent, and inflammatory and was brought to prejudice this Defendant to a jury.

**COMPLIANCE WITH LOCAL RULES 3.01(g) CERTIFICATION**

The undersigned counsel hereby certifies pursuant to Rule 3.01(g) of the Local Rules through the United States District Court, Middle District of Florida, that he has conferred with counsel for the Plaintiff in a good faith effort to resolve the issues raised by this Motion, but certifies that they were unable to come to an agreement and resolve the issues herein.

**Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing**

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unpresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

**WHEREFORE**, Defendant, EVERGLADES EQUIPMENT GROUP and DESIGN d/b/a EVERGLADES EQUIPMENT, respectfully request that this Honorable Court dismiss Plaintiff's Second Amended Complaint in its entirety for failing to state

any cause of action under Rule 12(b)(6), and in addition to or in the alternative, that this Honorable Court strike ¶¶32-35; ¶¶81-87; ¶24; and ¶169 pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and any other relief the Court deems just and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court via the CM/ECF system to: J.P. Numa, Esq., of The Leach Firm, P.A. at jpnuma@theleachfirm.com and ahall@theleachfirm.com on August 28, 2026.

CAMERON, HODGES, COLEMAN,
LaPOINTE & WRIGHT, P.A.

*/s/ Douglas J. LaPointe*
VIRGIL W. WRIGHT, ESQ.
Florida Bar No.: 993141
DOUGLAS J. LaPOINTE, ESQ.
Florida Bar No.: 991333
TIFFANY M. CHILL, ESQ.
Florida Bar No.: 0223920
7680 Universal Boulevard, Suite 440
Orlando, Florida 32819
(407) 841-5030 ca
(407) 841-1727 facsimile
serviceDJL@cameronhodges.com
Attorneys for Defendant