**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LEGNA SOTO,**

**Plaintiff,** **CASE NO.: 6:26-CV-00641**

**vs.**

**EFE, INC. D/B/A**
**EVERGLADES EQUIPMENT**
**GROUP,**

**Defendant.**
**_______________________________/**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Plaintiff LEGNA SOTO ("Plaintiff" or "SOTO"), moves this Honorable Court to deny Defendant EFE, INC. D/B/A EVERGLADES EQUIPMENT GROUP's Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law ("Motion"). In support of this Response, Plaintiff states as follows:

In its Motion, Defendant has apparently confused the Plaintiff's pleading obligation with his proof obligation. In other words, Defendant argues that the Second Amended Complaint should be dismissed because the Plaintiff failed to "state a claim upon which relief can be granted." Indeed, Defendant points to Plaintiff's alleged failure to make out a *prima facie* case for race discrimination. However, at the pleading stage of the case, Plaintiff is not

required to "prove" anything to meet the pleading requirements for her race discrimination claims. In fact, the Plaintiff is not required to plead a *prima facie* case, nor is she required to plead all the relevant facts in her case. Plaintiff must only provide the Defendant with fair notice of her claim and the grounds upon which those claims rests. Here, Plaintiff has satisfied her pleading burden under the Federal Rules of Civil Procedure.

Further, Plaintiff acknowledges several inadvertent drafting and clerical errors identified by Defendant and Plaintiff which were corrected in the Second Amended Complaint{D.E. 28}. Those mistakes do not alter the substance of Plaintiff's claims and do not warrant dismissal of the action.

## MEMORANDUM OF LAW

### Standard for Motion to Dismiss

When evaluating the merits of a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must view allegations in a complaint in the light most favorable to the Plaintiff. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the Defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

667 (2009). "Unless it appears **beyond doubt** that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, the complaint should not be dismissed on grounds that it fails to state a claim upon which relief can be granted." *Padjuran v. Aventura Limousine & Transp. Serv., Inc.*, 500 F. Supp. 2d 1359, 1361 (S.D. Fla. 2007). (emphasis added).

In the Eleventh Circuit, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). The Court must accept all the complaint's allegations as true and construe them in the light most favorable to the Plaintiff.[1] Moreover, "the court may only examine the four corners of the complaint." *Madura v. Lakebridge Condominium Association, Inc.*, 2008 WL 2329406, *1 (M.D. Fla. 2008) (citations omitted).

Further, a motion to dismiss tests the legal sufficiency of the complaint, not the factual sufficiency. The court evaluates whether the complaint alleges sufficient ultimate facts to state a cause of action. It does not resolve factual disputes or consider affirmative defenses unless they are apparent on the face of the complaint. *Thomas vs. Trench Training Sys., LLC.*, 377 So. 3d 198 (Fla. 3rd DCA 2023). However, the court may not speculate on whether the allegations

[1] *Resnick v. Avmed, Inc.* 693 F.3d 1317, 1321-22 (11th Cir. 2012); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007); *Aldana v. Del Mont Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005); *Pielage v. McConnell*, 526 F.3d 1282, 1284 (11th Cir. 2008).

will ultimately be proven or consider affirmative defenses unless they are established on the face of the complaint. *Brock v. Bowein*, 99 So. 3rd 580 (Fla. 2nd DCA 2012).

Here, Plaintiff's Complaint sets forth more than a sufficient statement of the claims and easily satisfies the requirement that it be "short and plain."

## ARGUMENT

### Plaintiff Has Satisfied Rule 12(b)(6) In Pleading Her Case For Race Discrimination under the Title VII, 42 U.S.C. §1981 and FCRA

A complaint asserting employment discrimination under the Title VII and FCRA need not contain specific facts establishing a *prima facie* case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002). The Supreme Court explained that the burden shifting analysis in employment discrimination claims is an evidentiary standard rather than a pleading standard. *Id.* at 510, 122 S. Ct. at 997. Although an employment discrimination complaint need not allege facts sufficient to make out a *prima facie* case, it must nonetheless provide enough factual matter to plausibly suggest intentional discrimination. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (*per curiam*). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*,

556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quotations omitted).

Here, Plaintiff's Second Amended Complaint contains substantially more than conclusory allegations as the Defendant suggests. Furthermore, Plaintiff's Complaint is sufficient to survive Defendant's motion to dismiss her race, national origin and gender discrimination claims. Plaintiff specifically alleges that she was the only Hispanic woman on her team. Plaintiff further alleges that her supervisor, Charles Russell, began speaking to her in a derogatory manner shortly after she began her employment. Plaintiff alleges that Russell refused to assist her with questions concerning her job duties and repeatedly told her to "figure it out" when she sought assistance necessary to perform her work.

Plaintiff further alleges that Russell made comments and engaged in conduct demonstrating hostility toward Hispanic individuals. Specifically, Plaintiff alleges that Russell criticized another employee for marrying a Hispanic woman and that his criticism centered upon the fact that the employee's wife was Hispanic. Plaintiff further alleges that Russell frequently discussed engaging in sexual acts with Hispanic women and that those comments reflected negative stereotypes concerning Hispanic women. Plaintiff also alleges that Russell displayed tattoos associated with white supremacist

ideology and that, based upon Russell's conduct and treatment of her, Plaintiff believed Russell treated her differently than white male employees.

Additionally, Plaintiff alleges that she complained to Mike Dacato, Russell's supervisor, that she was being discriminated against and was not being provided a fair opportunity to succeed at the Company. Plaintiff further alleges that after Russell learned of Plaintiff's Complaint concerning discrimination, Defendant terminated Plaintiff's employment. Accepting those allegations as true, Plaintiff has plausibly alleged discrimination and retaliation based upon race, national origin, and gender.

Defendant's Motion repeatedly argues that Plaintiff cannot establish discriminatory intent because certain comments were allegedly directed toward third parties rather than Plaintiff herself. However, Defendant improperly focuses on individual allegations contained within the Complaint in isolation rather than considering the totality of the factual allegations in which taken together create a convincing mosaic showing of a pattern of discrimination. At the pleading stage, the Court must consider all factual allegations collectively and draw all reasonable inferences in Plaintiff's favor.

Defendant likewise argues that Plaintiff's allegations merely demonstrate unfair or harsh treatment rather than actionable discrimination. This argument improperly asks the Court to weigh competing factual

inferences and determine the ultimate meaning of the alleged conduct. Whether Russell's conduct was motivated by discriminatory animus, whether Plaintiff was treated differently because of her race, national origin, or gender, and whether Defendant's stated reasons for its actions are legitimate are factual issues that cannot be resolved on a Rule 12(b)(6) motion.

Defendant also argues that Plaintiff failed to engage in protected activity because her complaint allegedly concerned only a lack of a fair opportunity to succeed. Defendant ignores the fact that Plaintiff expressly alleged that she complained she was being discriminated against. At this stage, Plaintiff is not required to prove the precise nature of her complaint or establish but-for causation. Plaintiff need only plausibly allege that she engaged in protected activity and suffered an adverse employment action thereafter. Plaintiff has done so.

Similarly, Defendant's argument that Plaintiff failed to adequately allege her national origin elevates form over substance. The Complaint repeatedly identifies Plaintiff as Hispanic and contains numerous allegations concerning comments directed toward Hispanic individuals and Hispanic women. Those allegations provide Defendant with more than sufficient notice of the basis for Plaintiff's national origin discrimination and retaliation claims.

Ultimately, Defendant's Motion improperly seeks dismissal because Plaintiff allegedly cannot prove her claims. However, a motion to dismiss is not the proper vehicle for resolving factual disputes, weighing evidence, or determining whether Plaintiff will ultimately prevail on the merits. Plaintiff is only required to allege sufficient factual matter to state plausible claims for relief. The Complaint does so.

Here, Plaintiff alleged facts adequate to raise her right to relief above a speculative level. This was all that was required at the pleading stage. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (" To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (quotations omitted)). Here, Defendant's argument is one of evidentiary proof and not pleading. Defendant's argument, even if proven, is not appropriate in a motion to dismiss. Accordingly, Plaintiff has met her pleading burden under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), and Defendant's Motion should be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court deny Defendant's Motion and grant such other relief as this Court may deem just and proper.

## Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

**Date: September 28, 2026**

**s/ J.P. Numa**
J.P. Numa, Esquire – LEAD COUNSEL
FBN: 1015371
THE LEACH FIRM, P.A.
1560 N. Orange Ave, Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email: jpnuma@theleachfirm.com
Email: Jcastro@theleachfirm.com
***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of September 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send Notice of Electronic Filing to Counsel of Record.

**s/ J.P. Numa**