UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEGNA SOTO, CASE NO.: 6:26-cv-00641-AGM-DCI

Plaintiff,

v.

EFE, INC. D/B/A
EVERGLADES EQUIPMENT GROUP,

Defendant.
_________________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER/MOTION TO STAY DISCOVERY [DE 37]**

Plaintiff opposes the Motion [DE 37]. Plaintiff construed the Motion, which was not filed as a Short-Form Discovery Motion, as governed by the response period of Local Rule 3.01(c) and DE 25 § II.D. To the extent the Order on Discovery Motions [DE 26] governs, Plaintiff respectfully requests that the Court accept this response.

**1. Paragraph 5's premise is wrong.** The Motion rests on the assertion that Defendant's motion to dismiss [DE 33] "raises solely legal questions." (Mot. ¶ 5.) Defendant's own authorities limit a stay to "a facial challenge involving no factual issue." (Mot. at 4.) DE 33 is not one. It acknowledges that Plaintiff alleges she complained of discrimination, but argues her complaint was really about "unfair or harsh treatment" (DE 33 ¶ 8; SAC ¶ 38); recasts

her supervisor's conduct as "a personality conflict" (DE 33 ¶ 7); and asks to strike allegations because they would "prejudice this Defendant to a jury" (*id.* at 11). Those are factual disputes. Its two Eleventh Circuit authorities affirmed summary judgment on developed records. *Rojas v. Florida*, 285 F.3d 1339, 1341 (11th Cir. 2002); *Addison v. Ingles Mkts., Inc.*, 515 F. App'x 840, 841 (11th Cir. 2013). A plaintiff need not plead a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002). A motion that succeeds only if the Court rejects the pleaded facts is not "clearly meritorious." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

**2. The Motion to Dismiss is not case dispositive.** Defendant concedes a ruling "may" eliminate only "some" claims. (Mot. at 5.) Its non-factual arguments reach only certain counts (DE 33 ¶¶ 9–10) or paragraphs (*id.* ¶¶ 11–12). A stay "is rarely appropriate unless resolution of the motion will dispose of the entire case." *McCabe*, 233 F.R.D. at 685.

**3. No good cause.** Stays pending a motion to dismiss "are rarely granted" and require "a specific showing of prejudice or undue burden." Middle District Discovery (2021) at Section I(E)(4). Defendant identifies no burdensome request and "a party's diligence in seeking relief is a principal factor in the decision whether to grant a stay." *Id.* at Section VII(A). Defendant first moved to dismiss the SAC on August 28 [DE 30], requested Plaintiff's disclosures, and sought a stay only after Plaintiff served discovery on

November 2. Defendant has served no discovery, so the stay would bind Plaintiff alone.

**4. Noncompliance.** The Motion is not a Short-Form Discovery Motion, far exceeds 500 words, and does not attach the discovery requests. [DE 26 ¶¶ 2–3.]

Plaintiff does not oppose a case management conference but opposes any change to the CMSO deadlines. [DE 25.] Plaintiff requests that the Court deny the Motion and direct Defendant to serve complete responses to Plaintiff's First Requests for Production and First Interrogatories within fourteen days. Under DE 26 ¶ 7, Plaintiff requests leave to file a full memorandum if the Court would find further briefing helpful.

**Certification Under Penalty of Perjury That Artificial Intelligence Was Used in the Preparation of This Filing**

> I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. Artificial intelligence was used in the preparation of this filing in the following way: counsel used Lexis Protégé and Claude Legal, a generative artificial intelligence tool developed by Anthropic, to assist in organizing all the documents and standing orders for this response, verifying case law and citations, including identifying citations to legal authority, and summarizing the parties' prior filings in this case. However, under penalty of perjury, I certify that before filing, I personally reviewed Rule 11 of the Federal Rules of Civil Procedure and I personally read every case, handbook and rule used in this response. I understand that if a case upon which I rely does not exist or does

not reasonably stand for the cited proposition, the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, that as the person signing this filing I am the person who will be held responsible for its contents even if it was prepared by someone else, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

Date: November 25, 2026

/s/ J.P. Numa
J.P. Numa, Esquire – LEAD COUNSEL
FBN: 1015371
THE LEACH FIRM, P.A.
1560 N. Orange Ave, Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email: jpnuma@theleachfirm.com
Email: aperez@theleachfirm.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 25th day of November 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send Notice of Electronic Filing to Counsel of Record.

/s/ J.P. Numa